NEW ORLEANS GAS LIGHT AND BANKING COMPANY *v.* HILL.

Open accounts against a plaintiff, not acknowledged by him, transferred to defendant by a third person, cannot be pleaded in compensation, in an action by plaintiff on a promissory note.

APPEAL from the District Court of Madison, *Curry*, J. *Bemiss*, for the plaintiff. *H. W. Dunlap*, for the appellant. The judgment of the court was pronounced by

Rost, J. This is a suit upon a promissory note, against the defendant as maker. He pleaded in compensation various open accounts against the plaintiffs, alleged to have been transferred to him. The court below disregarded the plea, and gave judgment in favor of the plaintiffs for the whole amount claimed, and interest from the day of the protest.

There is no error in the judgment. The accounts set up by the defendant were not acknowledged, and could not be compensated with his note. The protest was in the usual form, and the court did not err in admitting it in evidence.

*Judgment affirmed.*

---

COURSE, Under-tutor, *v.* FORSHEY, Tutor.

Where, at the time of appointing a tutor, the property of the minor consisted in an undivided interest in a plantation and slaves, but, by a compromise afterwards made with the co-proprietors, the tutor is authorised to receive a sum of money in cash in extinguishment of the undivided interest of the minor, the tutor, though appointed by the advice of a family-meeting and expressly exonerated from giving security under the provision of the stat. of 10 March, 1834, sec. 4, may be required, in consequence of the change in the character of the property, to give security for the sum to be received by him, and the interest which may accrue thereon. Arts. 330, 331, 332 of the Civil Code are not repealed by the stat. of 10 March, 1834, sec. 4.

APPEAL from the District Court of Concordia, *Farrar*, J. *Shaw*, for the plaintiff. *Forshey*, appellant, *pro se*. *Frost*, on the same side. The judgment of the court was pronounced by

Rost, J. The defendant was appointed tutor of a minor, and was dispensed from giving security, under the provisions of the act of 1834. The property of the minor consisted, at the time, in an undivided interest in a plantation and slaves. A compromise was subsequently made with the other owners of that property, by which the defendant was duly authorized to receive the sum of $10,000, in extinguishment of the rights of his ward. The under-tutor then instituted these proceedings against him, to compel him to give security for that sum and the interst that might accrue on it. The court below ordered the defendant to give security in the sum of $12,000, and he appealed.

There is no error in the judgment. The change in the nature of the property of the minor, fully authorises the course of the under-tutor. The act of 1834, has not repealed the articles of the Civil Code on which he relies; and tutors may at all times be required to furnish additional security, for the sums that come into their hands, during the continuance of their guardianship.

*Judgment affirm*